**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4182**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DANIEL OGLESBY,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:09-cr-00239-1)

───────────

Submitted: October 17, 2012      Decided: October 31, 2012

───────────

Before WYNN, DIAZ, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Troy Nino Giatras, GIATRAS LAW FIRM, LLP, Charleston, West Virginia, for Appellant. John Lanier File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Oglesby appeals the district court's judgment imposing a 151-month sentence following his guilty plea to possession with intent to distribute marijuana for remuneration and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the validity of Oglesby's guilty plea and the reasonableness of his sentence. Oglesby was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Prior to accepting a plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

2

Because Oglesby did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged Rule 11 error by timely objection, we review his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Oglesby must demonstrate that the district court erred, the error was plain, and it affected Oglesby's substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

We conclude that the district court substantially complied with the requirements of Rule 11 in conducting Oglesby's plea colloquy. Importantly, the court ensured that Oglesby's plea was knowing and voluntary and supported by an independent factual basis. We accordingly conclude that while the district court did not comply exactly with Rule 11 in conducting the colloquy, see Fed. R. Crim. P. 11(b)(1)(D), (N), its minor errors, to which no exception has ever been noted, did not affect Oglesby's substantial rights. See Massenburg, 564 F.3d at 343 (discussing substantial rights in Rule 11 context).

Turning to Oglesby's sentence, we review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18

3

U.S.C. § 3553(a) (2006) factors and the parties' sentencing arguments, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If the sentence is free from significant procedural error, we also review the substantive reasonableness of the sentence. Id. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court imposed a procedurally and substantively reasonable sentence. The court correctly concluded that Oglesby's prior convictions qualified as predicate offenses for purposes of the career offender enhancement, see U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (2010), and properly calculated Oglesby's applicable Guidelines range. The court addressed the parties' arguments, made detailed findings on the record, and articulated the basis for the sentence it imposed, grounded in the § 3553(a) factors. Finally, we conclude that neither Oglesby nor the available

4

record rebuts the presumption of reasonableness accorded his within-Guidelines sentence.  See Montes-Pineda, 445 F.3d at 379.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Oglesby, in writing, of the right to petition the Supreme Court of the United States for further review.  If Oglesby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Oglesby.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED